TotteN, J.,
delivered the opinion of the court.
The action is debt upon an account for work' and labor. The verdict for defendant, and jilaintiff’s motion for a new trial being overruled, he appeals in error to this court. The motion for a new trial is supported by the affidavits of the plaintiff and William Brinkley, one of the jurors.
It appears that after the evidence was closed and the plaintiff’s counsel had addressed the jury, the court took recess for dinner; whereon, the defendant invited said *349 juror to take a glass of soda witb Mm, and to dine with him at the “ Union Hall,” which the juror did, the defendant paying the charges. The juror states that nothing was said about the suit; that it did not occur to him that his conduct was improper; that he was in favor of a verdict for the plaintiff, but by consent of parties in open court, the verdict of a majority was taken as the verdict of the jury, they not being able otherwise to agree; that the juror and defendant were neighbors, were very intimate and in the habit of doing mutual favors.
It is now insisted that the court erred in the refusal to grant a new trial; and it is argued that the conduct of defendant, if not designed, had at least a tendency to seduce the juror from his duty, and that the verdict in favor of the party will be set aside as a punishment for his improper conduct, though it may appear that it had no effect upon the mind of the juror. To support this position, we are referred to Page vs. Wheeler, 5 New Ham. R., 91; Hix vs. Drury, 5 Pick. R., 301; McIlvain vs. Wilkins, 12 New Ham. R., 476.
The rule to be deduced from these and other cases, seems to be, that if a party do an improper act, with the. design to bias and influence any of the jurors, their verdict in his favor will be set aside as a punishment to him; and no enquiry will be made whether the improper act prejudiced and tainted the verdict or not. The mere attempt to tamper with the jurors and to corrupt them, though it be not successful, shall have the effect to vitiate a verdict rendered in his favor. The rule is founded in public policy, the better to preserve the purity of the trial by jury. 12 New Ham. R., 476; 5 New Ham. R., 92; 17 Maine R., 303; 1 Ld. Raymond, 148. But if the act done was a mere accident or inadvertence, without *350 any improper design; and if it can be safely assumed that it had no improper influence upon the mind of the jurors, in such case there can be no just or reasonable ground to disturb the verdict. IMd.
The rule of'the ancient common law, that if jurors eat or drink at his charge for whom they afterwards find, it will set aside the verdict, (3 Comm., 375,) must be taken and understood with this qualification.
Now, in the present case, conceding that the act of the party and the juror was improper and censurable, yet we are satisfied that it was the result of inadvertence merely, and that there was no design to bias the juror or seduce him from his duty. It is equally plain, that it had no effect to taint or infect the verdict, as the juror was in favor of a verdict for the other party.
Certainly we have no intention to relax any rule that may be necessary to protect and secure the purity of the ■trial by jury; but it must be conceded that the strictness of the early English practice on this subject is unnecessary, unreasonable and inconvenient, and' that a more liberal practice has long been adopted, both there and in most of the States of this Union. 3 Bl. Com., 375; Stone vs. The State, 4 Hum. R., 38; McLean vs. The State, 10 Yerg. R., 241; Handy vs. Call, 3 Maine R., 17.
Being satisfied with the verdict in the present case, wre order that the judgment be affirmed.
Judgment affirmed.